## LOWANDE *v*. OTERO & CO. ET AL.

APPEAL from the District Court of San Juan.

No. 226.—Decided June 15, 1908.

SECURING EFFECTIVENESS OF JUDGMENT—DAMAGES AND LOSSES RESULTING—ADVICE OF COUNSEL.—In accordance with the provisions of section four of the Act of March 9, 1902, to secure the effectiveness of judgments, a party who seeks and obtains an attachment upon the property of the defendant is jointly and severally liable with the sureties for any damage caused by reason of the attachment, and the fact that he has acted upon the advice of counsel does not exempt him from responsibility, nor will he be relieved thereof by reason of the fact that the defendant and owner of the property attached refused to accept the office of receiver for the property.

ID.—FAULT.—Undoubtedly a party is in fault who seeks and obtains an attachment to secure the effectiveness of a judgment which, after having caused damage and loss, is necessarily raised because the complaint was improperly filed or because it was unfounded.

DAMAGE AND LOSS—EVIDENCE NOT CLEAR.—In the case at bar the plaintiff estimated the damage and loss suffered by reason of the attachment of a circus belonging to him, and which was levied at the instance of the defendants, and continued in existence about seven months, at $13,850, or at the rate of $100 for each Sunday and $50 for each laboring day. This court decided that, it being proved that the plaintiff continued to use another circus, the real damage caused was represented by the difference between the net profits which might have been derived from the circus under attachment and the rented circus, after deducting the outlays necessary to obtain such profit.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Díaz Navárro* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

In the year 1906, in connection with an injunction applied for by Tony Lowande, the owner of a cinematograph established on the Plaza de Colón, in this city, against Otero & Co., an industrial firm of the same character, to restrain the latter from exhibiting in their cinematograph a film belonging to the former, "The Wedding of King Alfonso XIII of Spain," which injunction was denied, Otero & Co. brought an action against Tony Lowande in the District Court of San Juan for malicious prosecution, and damages, in the same of 4,000 *pesos,* to cover the loss caused by the injunction. For the purpose of assuring the effectiveness of the judgment which might be rendered they applied to the judge of the court taking cognizance of the matter, and obtained the attachment of the property of Tony Lowande upon furnishing a bond in the sum of 2,000 *pesos* to answer for any loss that might be caused the defendant through the attachment of his property, with Marcos T. Caneja and Juan Cortínez, landowners residing in the neighboring town of Bayamón, as sureties.

The attachment was levied on a canvas circus tent, with its accessories, which Tony Lowande had on Plaza Colón, in this city, in which he exhibited cinematographic views and other spectacles. The defendant refused to accept the receivership of the circus attached, to which he was appointed by the judge at the suggestion of the said firm of Otero & Co., because he was about to leave the city and could not attend to the custody and preservation of the circus, for which reason Rafael Baragaño, by recommendation of the same plaintiff company, appointed receiver, which office he accepted and was placed in possession by the marshal of the district court.

The action for malicious prosecution, brought by Otero & Co. against Tony Lowande, was proceeded with, the complaint being finally dismissed, because it did not state facts sufficient to constitute the cause of action exercised, and conse-

quently the attachment was dissolved and the circus delivered to its owner on May 6, 1907.

Under these circumstances, a few days later, Tony Lowande brought the action giving rise to the litigation under consideration against the firm of Otero & Co., as principal debtors, and the sureties, Marcos T. Caneja and Juan Cortínez, for the recovery of the 2,000 *pesos,* representing the amount of the bond, as part of the damages which he alleged had been caused him by Otero & Co. through the attachment of his circus during the time he was prevented from operating it—that is to say, from September 7, 1906, when the attachment was levied, until May 6 of the following year, when it was dissolved—and reserving the right to recover from the principal debtors the full amount of damages suffered by the plaintiff, which he estimated at the sum of 13,850 *pesos,* besides 700 *pesos* which he had been obliged to pay the attorney who defended him in the action for malicious prosecution, and 100 *pesos* more for other causes.

The firm of Otero & Co. answered the complaint, contesting it on the ground that they had not been guilty of any fault or negligence in applying for the attachment as they had done after consulting their attorney, who enjoys the reputation of being well versed in the law of the Island, and on the other hand they could not be held responsible inasmuch as Lowande had declined the receivership for which he had been proposed by the said plaintiff firm whereby he could have continued giving performances in his theatre, and the losses which he alleges the attachment caused him would have been avoided.

The trial having been had and the evidence heard, the Judge of the District Court of San Juan rendered the following judgment, which was preceded by a very lengthy opinion.

"On September 18, 1907, in open court, the above-entitled case was called for trial in its order on the calendar, and the plaintiff and the defendants appeared through their respective counsel, both of

them announcing that they were ready for trial. Immediately thereafter the plaintiff, through his counsel, read his allegations, being followed by counsel for the defendants, after which the parties presented their evidence in the same order, and finally made their respective arguments.

"And the court, taking into consideration the allegations, evidence and arguments holds that the facts in this case are against the plaintiff and therefore orders that said plaintiff do not recover from the defendant any damages in this action, and that said plaintiff pay the costs.

"Pronounced in open court this 10th day of October, 1907, and recorded on the same date. Pedro de Aldrey, Judge of the First Section."

An appeal from this judgment having been taken by counsel for the plaintiff, in due time, since it was taken three days after the rendition thereof, the transcript of the record, including a statement of facts presented by the appellant and approved by the judge after a hearing and agreement of the other party, was forwarded to this Supreme Court, and both parties having filed their respective briefs the hearing was had with the attendance of counsel for both parties, who made their respective arguments.

Having set forth the facts in the case, let us now examine the questions at issue in this appeal.

In principle we hold that the absolute right of the plaintiff, Tony Lowande, to claim such damages as were caused him by the attachment of his circus, cannot be denied irrespective of the greater or lesser precautions which Otero & Co. may have taken in applying for the attachment and making it less onerous for the defendant, Tony Lowande.

Section 4 of the Act of March 9, 1902, "to secure the effectiveness of judgments," provides:

"If it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond.

"In any other case it should be required that a bond be furnished. *The bond thus given shall secure the defendant against any damages caused to him by reason of the remedy.*"

. That is to say, that by the mere fact that the provisional remedy was applied for and obtained, namely, the attachment when levied, if in consequence thereof the defendant should suffer any damage, such damage shall be made good by the sureties, and of course by the principal debtors also, their liability being joint and several.

The law in this case applies the doctrine of article 1902 of the former Civil Code, which was subsequently reproduced in section 1803 of the Code in force, according to which "a person who by an act or omission causes damage to another when there is fault or negligence, shall be obliged to repair the damage so done;" and there is no doubt that a person is guilty of fault who, to secure the result of an action which he is prosecuting against a specific person, requests and obtains of the court the attachment of the property of his adversary, which attachment afterward, either through improper preparation of the complaint or owing to the said complaint being groundless or frivolous, must be dissolved, after having caused considerable damage and prejudice to the credit or interests of the owner of the property attached.

This being admitted, we next find that in the present case Otero & Co. cannot be relieved of the liability which the law imposes on them, either by the fact of their having acted under the direction and advice of a lawyer, however distinguished and competent he may be, or because Tony Lowande had declined the receivership, of the circus which had been offered him by the judge on recommendation of the plaintiff company, since he was not bound to accept such receivership, nor could Otero & Co. seek to burden Lowande with the responsibility for the attachment, which the law placed exclusively upon said firm, by availing themselves of an expedient, more or less able and ingenious, but which under no circumstances

could legally produce the result which they sought to obtain thereby.

The right of Tony Lowande to recover from Otero & Co. and their sureties the damages sustained by him in consequence of the attachment levied on his circus, cannot therefore be discussed in principle, but said right is subordinate in its exercise to the result of the evidence which the plaintiff may have produced to prove the actual damages suffered and the amount thereof, and this evidence is not as satisfactory and conclusive in this case as was to be desired.

Indeed, Tony Lowande alleges that the damages caused by the attachment reach the sum of $13,850, being the net profit which he failed to receive during the time he was prevented from working in his circus—that is to say, from September 7, 1906, when the attachment was levied, to May 6 of the following year, when it was dissolved—during which period of time there were 35 Sundays and 207 working days, which, at the rate of $100 for the former and $50 for the latter, make up the $13,850 at which he estimates the damages caused him by the attachment.

But we cannot by any means accept this estimate. In the first place, because, as the judge of the trial court very properly says in his opinion, it is rather hazardous to assume that during the six or seven months that the circus was attached, Lowande could have continued giving performances therein daily, without missing a single day, for which reason the estimate is at once seen to be exaggerated and cannot be accepted in its entirety; in the second place, because, although the complaint alleges that said sums represent the net profits of the circus every night a performance is given, the expenses incurred to obtain such profit are not stated in detail so as to ascertain if such sums really represent the net profits of the circus every night, or if there has been any exaggeration through a failure to deduct expenses which should have been deducted to determine the actual net profits of the circus; and in the third place, because if Lowande continued working

with the cinematograph and other apparatus which had not been attached, as appears from his letter addressed to Judge Aldrey four days after the attachment, wherein is stated, among other things, that he had been obliged to lease from one Marcos Yquino another smaller tent in order to be able to work, although with little profit because it was smaller and older, this means that the actual damages caused Lowande would not be exactly those which he claims in his complaint, namely, the net profits from his circus during the time he was prevented from working therein, at the rate of $100 on Sundays, and $50 on week days, but the difference in his favor, if any, after deducting from the net profits of the circus attached the profit obtained from the other smaller circus, leased from Yquino, during the time he had used the latter, and after deducting, also, the expenses incurred in making such profit. But as we cannot enter into these calculations because we lack the necessary data, inasmuch as the fact that Lowande had worked in the Yquino circus has not been sufficiently established, nor the time he had done so, nor the amount of receipts from the latter on each performance night, after deducting the expenses; and as, on the other hand, it appears to be very probable that the plaintiff, Tony Lowande, actually suffered considerable damage to his interests by reason of the attachment, which prevented him from wroking in his circus for six or seven months and even caused him to lose the concession of the site which had been withdrawn by the *ayuntamiento* to award it to another applicant, which damages could have reached or might perhaps have exceeded the $2,000 of the bond, which is all that is sought to be recovered in this action against Otero & Co. as principal debtors, and Marcos T. Caneja and Juan Cortínez as sureties; and as this is precisely one of the cases where the Act of the Legislative Assembly of this Island, approved March 8, 1906, authorizes this Supreme Court to remand the cause of the lower court for a review, since in this case it is really necessary to clear up

certain issues of fact so as to determine the damages that should be adjuged the plaintiff, Tony Lowande; for all these reasons the undersigned justice is of the opinion that the judgment of October 10, 1907 rendered by the Judge of the First Section of the District Court of San Juan in the above-named action appealed from, whereby the complaint with costs is dismissed *in toto,* should be reversed and the cause remanded to the trial court for a new trial, or such other action as may be proper under the law.

*Reversed..*

Justices Hernández, Figueras, MacLeary and Wolf concurred.